Census the County Superintendent shall be appoint-
ed by the County Board of Education and shall hold
office for two (2) years, provided further, that
this provision shall not operate so as to deprive
any elected Superintendent of his office prior to
the expiration of the term for which he has been
elected; provided further that in counties having
a scholastic population of between three thousand
(3,000) and five thousand (5,000) scholastics, where-
in the office of County Superintendent has not been
created and a Superintendent elected, then in such
counties the question of whether or not such office
is established shall be determined by the qualified
voters of said county in a special election called
therefor by the Commissioners' Court of said county,
upon petition therefor as hereinabove specified.
(Acts 1905, p. 263, as amended Acts 1907, p. 210;
Acts 1931, 42nd Leg., p. 849, ch. 357; Acts 1932,
42nd Leg., 3rd C. S., p. 47, ch. 21, § 1.)"

This department held in Opinion No. 0-1833 that
when the office of county superintendent has been established
by reason of the scholastic census being in excess of 3,000
scholastics, such office came into existence for four years
notwithstanding the fact that such census might drop below
3,000 during the years intervening the general election years
at which the office would regularly be filled. You have in-
formed us that Mr. Nowlin was elected to office in the gen-
eral election in November of 1938. We, therefore, assume that
the scholastic census preceding such general election was in
excess of 3,000 scholastics, and that Mr. Nowlin was duly
elected as County Superintendent of Crosby County. In view
of Opinion No. 0-1833 the office of County Superintendent of
Crosby County came into existence for four years even if the
scholastic census dropped below 3,000 scholastics during said
four years. Therefore, the term for which Mr. Nowlin was
elected continues until January 1, 1943.

In your first question you ask whether Mr. Nowlin
could hold both positions. At least until Mr. Nowlin was ap-
pointed County Superintendent of Crosby County (Art. 2355,
V. A. C. S.) such a determination is not necessary as far as
the liability of Lubbock Independent School under the con-
tract is concerned. For if he could hold both positions,
then the school district would be liable; and if the Consti-
tution or the principle of incompatibility of office prevented

such double holding or if he should be held to have abandoned the office of County Superintendent, then too the district would be liable, for the office of County Superintendent would have been vacated. Therefore, assuming, of course, that the contract has been carried out, the Lubbock Independent School is liable under the contract at least up until the time Mr. Nowlin was appointed and qualified as County Superintendent of Crosby County. Art. 2355, V. A. C. S.

We must now determine whether the school district is liable to Mr. Nowlin under the contract for services rendered after he qualified as County Superintendent. We are of the opinion that the answer to this question is in the affirmative.

We quote the following from your letter of July 15, 1942, in which you outline the duties of a school principal:

"There are two types of school principals: those that work in a large school system under the direction of a local superintendent, and those who are in charge of schools in rural areas that come under the jurisdiction of the county superintendent.

"School principals are considered head teachers who are held responsible for administering the school which are under their control or supervision. Their duties are both administrative and supervisory. A great many such principals usually teach all or part of the time."

We see that a school principal performs administrative and supervisory duties; he usually teaches; he is, as you say, the "head teacher".

A school teacher is not a public officer. Martin v. Fisher, 291 F. 276; Leymel v. Johnson, 288 P. 859; 56 C. J. 382; 37 Tex. Jur. 1035; Opinion No. O-371. Therefore, he does not hold an office. It follows that the Constitutional provision relative to double office holding is not applicable, and in itself would not prevent one person's holding both the positions under consideration. Article XVI, Section 40, Constitution of Texas.

Neither do we believe that the incompatibility of office principle prevents such double holding. In the first

place we are compelled to the conclusion that the duties attached to the two positions, each one being in a different county, are not incompatible. It would be a different situation if both positions were in the same county, but such is not the case here.

In Corpus Juris (Vol. 46, p. 942) it is said:

"The inconsistency which at common law makes offices incompatible, does not consist in the physical impossibility to discharge the duties of both offices, but lies rather in a conflict of interest, as where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one of its offices has the power to remove the incumbent of the other or to audit the accounts of the other."

Neither of the positions under consideration is subordinate to the other; neither is subject to the supervisory power or jurisdiction of the other. In fact, they are totally independent of each other. It follows that the duties of one are not incompatible with those of the other.

In view of the foregoing authorities, you are respectfully advised that the Board of Trustees of Lubbock Independent School may legally pay Mr. Nowlin for his services rendered as school principal under his contract of employment if said board determines that the terms of the contract have been met. We wish to emphasize that we are passing only on the facts before us, and this opinion is limited accordingly. As the contract itself is not before us, we express no views thereon, and for the purposes of this opinion it is assumed to be valid.

We call your attention to Section 14 of Article XVI of the Texas Constitution which requires all county officers to reside in the county of their office and to keep their offices at such places that may be required by law. Therefore, the County Superintendent of Crosby County must reside in Crosby County, and under Article 2688 must maintain an office in the courthouse. We have no facts which indicate whether the terms of this provision have or have not been met since Mr. Nowlin was appointed County Superintendent by the Commissioners' Court of Crosby County. Consequently, we express no

opinion therein. However, whether this provision has been violated or not would have no effect or bearing upon the liability of the school district under the contract. It would affect only the question whether the office of County Superintendent had been vacated or not.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By George W. Sparks
George W. Sparks
Assistant

GWS:mp

APPROVED AUG 13, 1942

ATTORNEY GENERAL OF TEXAS